FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2009 JAN 14 AM 11:05
CLERK
SO. DIST OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | SUPERSEDING |
| STEPHEN FERGUSON ) | INDICTMENT NO. CR603-00018-001 |

## ORDER

On September 16, 2003, Defendant pled guilty to distribution of 5 grams of more of cocaine base and possession of a firearm by a convicted felon. During the sentencing hearing on November 18, 2003, the Court adopted a guideline range of 235 to 293 months. Prior to sentencing, the Government filed a U.S.S.G. § 5K1.1 motion, in which it characterized Defendant's assistance as "extraordinary," and in which the prosecuting attorney noted that he had never before "had so many successful cases made by one defendant's cooperation." In recognition of the exceptional quality of Defendant's assistance to the Government, the Court, pursuant to the § 5K1.1 motion, downwardly departed to a custodial sentence of 160 months.

The Government has now filed a Rule 35 motion, in which it describes "very significant" assistance that Defendant has given the Government since his sentencing hearing. The Court acknowledges that Defendant has been very helpful to the Government for some time; however, given Defendant's criminal history and his previous false representations to the Court, as specified below, a further sentence reduction does not sit well with the Court.

The Court vividly recalls that during Defendant's Rule 11 hearing, the Court questioned Defendant at length about his status as an American citizen, and Defendant insisted that, although

born in the Bahamas, he was at that time an American citizen, had been for several years, and had the "paperwork" to prove it. Defendant later testified during the trial of his codefendant that Defendant was an American citizen. All of these claims proved completely untrue. While the Government, prior to Defendant's sentencing, characterized Defendant's claims in this regard as "misstatements" attributable to "some level of misunderstanding. . .willful blindness and wishful thinking," the Court knows better.

The Court acknowledges that an obstruction of justice enhancement was applied in Defendant's sentencing guidelines calculations with respect to Defendant's lie to the Court. And, clearly and appropriately, the Court did not allow Defendant's obstructive conduct to influence its downward departure decision at sentencing, as the Court's departure was decidedly generous. The Court also recalls, however, that Defendant's criminal history is particularly egregious. At the time of sentencing, in fact, Defendant, then age 32, had amassed six previous felony convictions, nearly all of which involved drug distribution or violence.

The Court cannot lose sight of the fact that Defendant's exceptional ability to assist the Government stems from his exceptional exposure to and participation in very serious criminal activities for many years. Despite the quality of Defendant's continued assistance to the Government, which Defendant delivers in a suspiciously piecemeal fashion, a further reduction to Defendant's sentence would not, in the Court's opinion, sufficiently protect the public, reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. The Court will afford this Defendant no further generosity.

Based on the foregoing, the Court hereby **DENIES** the Government's Rule 35 motion.

**SO ORDERED**, this ____ day of January, 2009.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia